**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS M. KLASSY,                                       No. CIV S-07-0605-GEB-CMK

          Plaintiff,

    vs.                                                     <u>FINDINGS AND RECOMMENDATIONS</u>

UNITED STATES POSTAL
SERVICE, et al.,

          Defendants.

_____/

       Plaintiff, who is proceeding pro se, brings this civil action for damages.[1]   Pending

before the court is defendants' motion for "judgment on the pleadings" in which they argue that

this action must be dismissed for lack of subject matter jurisdiction.[2]   Plaintiff has not filed an

---

    [1]     The case was originally filed in state court and removed to this court by
defendants.

    [2]     While defendants attach documents extrinsic to the pleadings, they argue that
dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) an (h)(3) because the
court lacks subject matter jurisdiction.  The court does not consider this motion under Federal
Rule of Civil Procedure 12(c) – judgment on the pleadings – and, therefore, does not convert the
motion to a motion for summary judgment due to the presentation of extrinsic evidence.  <u>See</u>
Fed. R. Civ. P. 12(c).

1    opposition to defendants' motion.

2            As defendants correctly note, a motion to dismiss for lack of subject matter

3    jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may either facially or factually

4    challenge the existence of the court's jurisdiction to hear the subject matter of the action.  See

5    White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Where, as here, the assertion of lack of

6    subject matter jurisdiction is based on the argument that the plaintiff failed to exhaust required

7    administrative remedies prior to filing suit, the motion amounts to a factual attack on jurisdiction.

8     See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   In such a motion, the court may

9    look beyond the factual allegations of the complaint to decide a factual attack on jurisdiction.

10   See Safe Air for Everyone v. Meyer, 373 F.3d 1035 1039 (9th Cir. 2004); see also Wyatt, 315

11   F.3d at 1119.  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the

12   court may look beyond the pleading and decide disputed issues of fact."  Wyatt, 315 F.3d at

13   1119-20.  If the court concludes that administrative remedies have not been exhausted, the

14   unexhausted claim should be dismissed.  See id. at 1120.

15           Defendants argue that plaintiff failed to exhaust administrative remedies prior to

16   filing suit because he did not comply with the requirements of the Federal Tort Claims Act

17   ("FTCA"), which provides a limited waiver of sovereign immunity.  Defendants conclude that,

18   absent compliance with the FTCA, plaintiff is barred from bringing suit.  See Dep't of the Army

19   v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); see also Jerves v. United States, 966 F.2d 517, 521

20   (9th Cir. 1992).  An essential requirement of the FTCA is the presentation of a valid

21   administrative claim within two years of the alleged incident.  See 28 U.S.C. § 2401(b).  To be

22   valid, the claim must, among other things, seek a sum certain.  See Blair v. IRS, 304 F.3d 861,

23   865 (9th Cir. 2002).

24   / / /

25   / / /

26   / / /

2

In this case, plaintiff claims personal injury and property damage resulting from an October 29, 2004, motor vehicle accident with a vehicle operated by employees of defendant United States Postal Service.  In his complaint, plaintiff states that he has suffered wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, and other unspecified damages.  Defendants attach to their motion plaintiff's FTCA claim form.  On that form, in box 12d, plaintiff states that the total amount of damages is unknown and "still under evaluation."[3]  Plaintiff never submitted any other information in connection with his FTCA claim.

Defendants conclude that, because plaintiff never claimed a sum certain, his FTCA claim was not valid and, therefore, plaintiff failed to exhaust required administrative remedies prior to filing the instant lawsuit.  The court agrees.  The undisputed evidence establishes conclusively that plaintiff's FTCA claim did not state any sum certain.  Instead, plaintiff stated that the amount of damages was unknown and under investigation.  Because he never asserted a sum certain, the claim was not valid and did not serve to exhaust administrative remedies.  Finally, because plaintiff filed the instant action more than two years after the vehicle accident,[4] it would be impossible for him to now exhaust administrative remedies.  Therefore, this action should be dismissed, with prejudice, for lack of subject matter jurisdiction.

Based on the foregoing, the undersigned recommends that:

1.    Defendants unopposed motion to dismiss for lack of subject matter jurisdiction be granted;

2.    This action be dismissed, with prejudice, for failure to exhaust required administrative remedies; and

3.    The Clerk of the Court be directed to enter judgment and close this file.

---

[3]    It should be noted that box 12d contains the following warning:  "Failure to specify may cause forfeiture of your rights."

[4]    The complaint was initially filed in state court on October 30, 2006.

1        These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8  DATED:  August 17, 2007.

9

10

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4